UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE CROTTY

------------------------------------------------------------X

CARLOS LOZADA,

                   Plaintiff,              JURY DEMAND

      -against-                  DOCKET NO.: 09CV10072 (PAC) (ECF CASE)

NEW YORK CITY POLICE DEPARTMENT,
ROBERT M. MORGENTHAU, DISTRICT ATTORNEY
OF NEW YORK COUNTY, MATTHEW MCCLUSKY,
CHRISTOPHER MCGEE, SERGEANT (FIRST NAME
UNKNOWN) LEE,

                   Defendants.

------------------------------------------------------------X

RECEIVED DEC - 8 2009 U.S.D.C. S.D.N.Y. CASHIERS

**COMPLAINT**

COMES NOW the Plaintiff, CARLOS LOZADA, by and through his attorney, DIANA LOZADA RUIZ, ESQ., and for his cause of action states as follows:

**INTRODUCTION**

1. Plaintiff brings this action against Defendants pursuant to 42 U.S.C. §1983 and pursuant to the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, seeking damages for the deprivation of his federal rights.

2. Plaintiff claims that on February 2, 2008, Defendants, acting in concert, violated his First Amendment right to free speech when they arrested him, ratified his arrest and/or otherwise charged him with violations of the New York Penal Law for merely requesting the badge numbers of New York City Police Officers.

3. Plaintiff claims that on February 2, 2008, Defendants, acting in concert, violated his Fourth Amendment rights to be free from unreasonable searches and seizures when the Defendants, acting in concert, caused the Plaintiff to be attacked by police officers, arrested and searched without probable cause.

4. Plaintiff claims that on February 2, 2008, Defendants, acting in concert, violated his Fifth and Fourteenth Amendment rights by depriving him of his liberty and his property without due process of law;

5. Plaintiff claims that on February 2, 2008, Defendants, acting in concert, violated his civil rights by filing or allowing to be filed criminal charges against the Plaintiff based upon false allegations.

6. The Defendants conspired together to deprive the Plaintiff of the civil rights granted to him by the Constitution of the United States and the State of New York.

7. Plaintiff further alleges that the Defendants have engaged and enacted certain policies or customs and followed these certain policies and customs when they authorized the arrest of the Plaintiff and the charges to be filed against him, without probable cause, and in an effort to shield themselves from civil liability.

## JURISDICTION AND PARTIES

8. Jurisdiction is proper pursuant to 42 § 1983 and the United States Constitution. Supplemental jurisdiction is present over any state law

claims pursuant to 28 U.S.C. §1367 as these claims arise out of the same common nucleus of operative facts.

9. Plaintiff is and was, at all times material hereto, a resident of the County of Nassau State of New York.

10. The Defendants MATTHEW MCCLUSKY, CHRISTOPHER MCGEE, SERGEANT (FIRST NAME UNKNOWN) LEE, were all officers of the New York City Police Department assigned to the 10th Precinct in New York City. Each of these Defendants is sued in his individual capacity.

11. The Defendant NEW YORK CITY POLICE DEPARTMENT was the employer of the Defendants MATTHEW MCCLUSKY, CHRISTOPHER MCGEE, SERGEANT (FIRST NAME UNKNOWN) LEE

12. ROBERT M. MORGENTHAU, DISTRICT ATTORNEY OF NEW YORK COUNTY was Office of the District Attorney who conspired with the co-defendants to proceed with criminal charges against the Defendant without probable cause.

13. Upon information and belief, none of the Defendants is a Tribal member or Native American.

14. At all times material hereto, the Defendants acted in concert, conspired together and acted under color of state law and/or federal law to deprive the Plaintiff of his civil rights.

## Factual Allegations

15. On or about February 2, 2008, Plaintiff, while lawfully on a public street, witnessed inappropriate and unlawful behavior of the Defendants, both on duty police officers, MATTHEW MCCLUSKY and CHRISTOPHER MCGEE.

16. The Plaintiff's arrest took place at 313 West 17th Street in the County and State of New York.

17. The Plaintiff, exercising his First Amendment rights, approached these Defendants and requested their badge numbers.

18. In response to this request, the Defendants MATTHEW MCCLUSKY and CHRISTOPHER MCGEE attacked the Plaintiff and brutally struck him with the police stick, threw him to the ground and placed him under arrest without probable cause.

19. As a result, the Plaintiff sustained injuries to his body and his was deprived of his liberty without due process of law.

20. The Plaintiff was brought to the precinct where he was advised that he would be released promptly. However, upon noticing the Plaintiff's injuries, the Defendants, MATTHEW MCCLUSKY, CHRISTOPHER MCGEE and SERGEANT (FIRST NAME UNKNOWN) LEE conspired to falsely charge the Plaintiff with violations of the New York Penal Law; specifically, Disorderly Conduct, Obstruction of Governmental Administration and Resisting Arrest.

21. The Defendants, acting in concert, arranged for Defendant MATTHEW MCCLUSKY to make a sworn statement against the Plaintiff in order to forward to the Defendant ROBERT M. MORGENTHAU, DISTRICT ATTORNEY OF NEW YORK COUNTY so that the Plaintiff would be subjected to the criminal justice system based upon the false allegations brought against him.

22. During the course of the criminal proceedings, the Defendant ROBERT M. MORGENTHAU, DISTRICT ATTORNEY OF NEW YORK COUNTY was notified and became aware of the false statements made by Defendant MATTHEW MCCLUSKY, but following its established protocols and policies, proceed with the criminal charges against the Plaintiff anyway.

23. The Defendant ROBERT M. MORGENTHAU, DISTRICT ATTORNEY OF NEW YORK COUNTY, in possession of *Brady* material, failed to disclose same in a timely manner, causing the criminal case against the Plaintiff to be prolonged to almost one year, resulting in multiple appearances required to be made by the Plaintiff to the criminal court.

24. The Plaintiff was also caused to obtain the services of an attorney to represent him on the charges and to appear at every court mandated appearance.

25. All of the charges brought against the Plaintiff were ultimately dropped.

26. However, the Plaintiff lost almost a year of his life defending against the false allegations.

27. The Defendant, aware of the false statements made by Defendant MATTHEW MCCLUSKY, failed to take any action against said Defendant, despite same being a violation of Section 210.45 of the Penal Law of New York State.

28. The Defendants have all established unwritten policies and protocols sought to protect themselves and or their employees from civil liability form potential claims, by arranging for the potential claimant to be arrested without probable cause and based upon false allegations, resulting in a clear violation of the Plaintiff's civil rights.

## Causes of action and claims for Damages

29. Defendants acted in concert and conspired to seize Plaintiff without a warrant or other lawful basis.

30. The Defendants' actions in conspiring against the Plaintiff, brutally attacking the Plaintiff, placing the Plaintiff under arrest, filing and or authorizing or ratifying the filing of false sworn statements against the Plaintiff and proceeding and continuing with the criminal action against the Plaintiff were malicious actions taken by the Defendants and were clear violations of the Plaintiff's rights pursuant to 42 U.S.C. §1983 and pursuant to the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of New York.

31. Moreover, the length of the detention and the fact that Plaintiff was handcuffed, placed in a locked police unit and told he was being taken into custody, indicate that Plaintiff was subjected to an unlawful *de facto* arrest by Defendants. The Defendants had no probable cause to believe that the Plaintiff had committed or was about to commit a crime and, therefore, did not have any legal authority to arrest the Plaintiff.

32. These Defendants, intentionally and/or with deliberate indifference for the federal constitutional rights of Plaintiff, struck and beat the Plaintiff with a police stick, handcuffed Plaintiff and arrested him based upon false charges, subjected him to an illegal detention.

33. These Defendants' conduct was objectively unreasonable and violated Plaintiff's clearly established constitutional rights.

34. The Defendant, SERGEANT (FIRST NAME UNKNOWN) LEE, as supervisor at the 10th precinct at the time of this incident, authorized and maintained an unwritten custom or practice which permitted or condoned the actions of Defendants MATTHEW MCCULSKY and CHRISTOPHER MCGEE, despite the absence of probable cause or reasonable suspicion.

35. The Defendants ratified such unlawful police conduct and the unlawful seizure of the Plaintiff by their failure to adequately supervise offending officers, including a failure to adequately investigate citizen

complaints alleging such unlawful seizures and a failure to impose adequate discipline on offending officers.

36. Defendants acted intentionally and/or with deliberate indifference and their acts and/or omissions were a direct cause of the injuries suffered by Plaintiff.

37. As a result of the Defendants' wrongful actions, the Plaintiff's suffered a violation of his civil rights, as well as personal injuries to his body, injury to his reputation, economic losses, pain and humiliation. The Plaintiff was also deprived of his liberty and suffered anxiety throughout the pendency of the criminal proceedings brought against him, which were ultimately dismissed.

38. Because the Defendants acted willfully, maliciously and/or with reckless indifference for his federal rights, Plaintiff seeks an award of punitive damages against them.

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory damages, jointly and severally, against Defendants in an amount to be determined by the trier of fact.

2. For punitive damages against Defendants in an amount to be determined by the trier of fact.

3. For pre-judgment and post-judgment interest.

4. For reasonable attorney fees and costs pursuant to 42 U.S.C. §1988.

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted:

DIANA LOZADA RUIZ, ESQ.
*Attorney For Plaintiff*
P.O. Box 433
Franklin Square, NY 11010
(516) 383-3222

## VERIFICATION

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF NASSAU        )

CARLOS LOZADA, being duly sworn, deposes and says:

I am the Plaintiff in the above action, and as such, I am fully familiar with all of the facts and circumstances herein.

I have read to me the foregoing COMPLAINT and know the contents thereof; the same are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

CARLOS LOZADA

Sworn to before me this
8th day of December, 2008

NOTARY PUBLIC

DIANA RUIZ
Notary Public, State of New York
Qualified in Nassau County
02RU6154914
Commission Expires 10/23/2010

Index Number: 09CV10072 Year 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS LOZADA,

                Plaintiff,

-Against-

NEW YORK CITY POLICE DEPARTMENT,
ROBERT M. MORGENTHAU, DISTRICT ATTORNEY
OF NEW YORK COUNTY, MATTHEW MCCLUSKY,
CHRISTOPHER MCGEE, SERGEANT (FIRST NAME
UNKNOWN) LEE,

                Defendants.

SUMMONS WITH COMPLAINT

DIANA LOZADA RUIZ, ESQ.
Attorney at Law
*Attorneys for the Plaintiff*
P.O. Box 433
Franklin Square, NY 11010-0433
(516) 383-3222

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: 12/8/09

                Diana Lozada Ruiz, Esq.

*Service of a copy of the within*        *is hereby admitted.*

Dated:

                *Attorney(s) for*